UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| GABRIEL BENSON, | ) | CASE NO. 5:24-CV-1200 |
| | ) | |
| Plaintiff, | ) | JUDGE CHRISTOPHER A. BOYKO |
| | ) | |
| vs. | ) | |
| | ) | |
| CITY OF AKRON, *et al.* | ) | OPINION AND ORDER |
| | ) | |
| Defendants. | ) | |

**<u>CHRISTOPHER A. BOYKO, J.</u>:**

This matter is before the Court on Defendant's Motion to Stay pursuant to application of the *Younger* abstention doctrine, which, in part, precludes federal court interference in ongoing state court criminal proceedings. (ECF #9.) Plaintiff has responded in opposition (ECF #10), supplemented (ECF #14 and #15), and Defendant has replied in support. (ECF #11.)

**RELEVANT BACKGROUND FACTS**

On Thursday, January 18, 2024, Plaintiff went to a bar with his wife. (ECF #10.) His wife left before he did. *Id.* Police arrived at that bar sometime thereafter and gave Plaintiff a ride home. *Id.* It is unclear from the police report, but either during his interaction with police at the bar, or during the ride home, Plaintiff was rude to police and refused to provide personal information. (ECF #10-1.) He was eventually cited for public intoxication. *Id.*

Thereafter, Plaintiff got into an argument with his wife, resulting in her calling the police. (ECF #10.) When police arrived, Plaintiff's wife stepped outside to meet them. *Id.* She stated

1

Plaintiff was "drunk, being loud and aggressive with her." (ECF #10-1.) She stated that the domestic disturbance was not physical, but Plaintiff was belligerent. *Id.*

During his wife's interaction with police, Plaintiff locked the front door of the home, leaving his wife in 17 degree weather wearing nothing but socks, sweatpants and a fleece. *Id.* Plaintiff refused to speak to police. *Id.* Plaintiff's wife convinced him to unlock the door and come outside to speak with police. *Id.* Officers observed Plaintiff with a bloody mouth and detected the odor of alcohol. *Id.*

Plaintiff refused to answer questions about his mouth. *Id.* He refused to give police his name or date of birth. *Id.* Plaintiff insisted he did not have to give them any information or comply with the domestic dispute investigation. *Id.* Police warned Plaintiff he could be arrested. *Id.* Plaintiff instructed police to handcuff him because he was not going to provide any information. *Id.* Police handcuffed Plaintiff, with his cooperation, at which time he continued to be belligerent and yell obscenities at the officers. *Id.* Plaintiff was taken to Summit County Jail. *Id.*

For his conduct during the domestic dispute investigation Plaintiff was charged in Akron Municipal Court Case No. 24-CR-469 with Obstruction of Business in violation of R.C. 2921.31 and Failure to Disclose Personal Information in violation of R.C. 2921.29. (ECF #10.) He was arraigned on those charges January 19, 2024.[1]

Plaintiff alleges the prosecution offered him a deal: execute a waiver of any civil rights and constitutional claims against the City of Akron, the Police Department and arresting officers

---

[1] Plaintiff was also charged with Public Intoxication for his conduct at the bar in Akron Municipal Court Case No. 24-CR-470. Plaintiff's prosecution in that case is not being challenged in this matter.

in exchange for dismissal of the charges. *Id.* Plaintiff refused. *Id.* Prosecutors eventually dismissed the charges without prejudice on March 5, 2024. *Id.*

On July 16, 2024, Plaintiff filed the instant lawsuit seeking declaratory, injunctive and monetary relief for alleged violations of 42 U.S.C. § 1983 and § 1988 with specific claims of First Amendment Retaliation; Fourth Amendment violations for Malicious Arrest, Malicious Prosecution, Excessive Force, and Unlawful Seizure; False Arrest; and Battery related to his arrest and charges stemming from the domestic dispute investigation. (ECF #1.) Plaintiff's Complaint does not specify what injunctive relief he is seeking. *Id.*

On September 19, 2024, Defendants filed an Answer to the Complaint. (ECF #7.) The next day, Plaintiff was charged in Akron Municipal Court Case No. 24-CR-7388 with Obstruction of Business in violation of R.C. 2921.31, Failure to Disclose Personal Information in violation of R.C. 2921.29, and Disorderly Conduct in violation of R.C. 2917.11(B)(2).

## LAW AND ARGUMENT

Defendants have moved the Court to stay these proceedings pending the resolution of the state criminal proceedings due to the abstention doctrine announced in *Younger v. Harris,* 401 U.S. 37, 91 S. Ct. 746, 27 L. Ed. 2d 669 (1971). *Younger* instructs federal courts to abstain from interfering with on-going state court proceedings unless exceptional circumstances mandate intervention. 401 U.S. at 43-44. The policy rationales underlying Younger are principles of federalism and "proper respect for state functions." *See Zalman v. Armstrong,* 802 F.2d 199, 201 (6th Cir. 1986). The Sixth Circuit has made clear, "[a] district court may abstain under the *Younger* doctrine if three conditions exist: there are state proceedings that are (1) currently pending; (2) involve an important state interest; and (3) will provide the federal plaintiff with an adequate opportunity to raise his or her constitutional claims." *Nimer v. Litchfield Twp. Bd. of Trs.,* 707 F.3d 699, 701 (6th Cir. 2013).

3

It is without dispute that there are state proceedings that are currently pending: the refiled charges related to Plaintiff's conduct during the domestic dispute investigation. Plaintiff cites a Sixth Circuit case for the proposition that the proper time of reference for determining whether *Younger* applies is the time that the federal complaint was filed. (ECF #10.) Plaintiff's proposition is wrong. The Supreme Court made clear in *Hicks v. Miranda,* 422 U.S. 332, 45 L. Ed. 2d 223, 95 S. Ct. 2281 (1975) that "where state criminal proceedings are begun against the federal plaintiffs after the federal complaint is filed but before any proceedings of substance on the merits have taken place in the federal court, the principles of *Younger v. Harris* should apply in full force." 422 U.S. at 349. Because the rule in *Younger* is designed "to permit state courts to try state cases free from interference by federal courts," *Younger*, 401 U.S. at 43, the Court emphasized that any other conclusion would "trivialize the principles of *Younger v. Harris.*" 422 U.S. at 350. The scenario described in *Hicks* is this matter's exact fact pattern. The Court finds the first prong of the *Younger* abstention doctrine has been met.

It is equally without dispute that the pending criminal case implicates an important state interest, as state criminal prosecutions have traditionally been considered an arena in which federal courts decline to interfere. *See Younger*, 401 U.S. at 43-45.

Lastly, the burden to show the state criminal proceeding will not provide an adequate opportunity to raise Plaintiff's constitutional claims rests on the Plaintiff. *Pennzoil Co. v. Texaco, Inc.,* 481 U.S. 1, 14, 107 S. Ct. 1519, 95 L. Ed. 2d 1 (1987). Plaintiff does not argue that the state criminal proceeding will not provide him with an adequate opportunity to raise his constitutional claims. Plaintiff's Complaint alleges his arrest and prosecution stemming from the domestic dispute investigation are not supportable at law. Those arguments may be raised during the defense of the pending criminal prosecution. "When a litigant has not attempted to

present his federal claims in related state-court proceedings, a federal court should assume that state procedures will afford an adequate remedy, in the absence of unambiguous authority to the contrary." *Pennzoil*, 481 U.S. at 15.

Accordingly, the Court finds the prerequisites for application of the *Younger* doctrine have been met. Plaintiff claims the Supreme Court has held the *Younger* abstention doctrine does not apply where a plaintiff can make "**any** showing of bad faith, harassment, or any other circumstance," citing *Younger* at 54. (ECF #10) (emphasis added). Plaintiff's statement of law is wrong and taken wildly out of context. The Court includes the full context below:

> Other unusual situations calling for federal intervention might also arise, but there is no point in our attempting now to specify what they might be. It is sufficient for purposes of the present case to hold, as we do, that the possible unconstitutionality of a statute "on its face" does not in itself justify an injunction against good-faith attempts to enforce it, and that appellee Harris has failed to make any showing of bad faith, harassment, or any other unusual circumstance that would call for equitable relief. Because our holding rests on the absence of the factors necessary under equitable principles to justify federal intervention, we have no occasion to consider whether 28 U. S. C. § 2283, which prohibits an injunction against state court proceedings "except as expressly authorized by Act of Congress" would in and of itself be controlling under the circumstances of this case.

*Younger* at 54. The truth is the Supreme Court held in *Younger* that proceedings brought in bad faith or for the purposes of harassment could present an extraordinary circumstance warranting federal intervention. *Younger*, 401 U.S. at 48-50. However, this exception is narrow and only requires federal intervention when it appears the state proceeding was initiated with "no expectation of securing valid convictions." *Id.* Further, although the Supreme Court has recognized that a bad-faith prosecution of an individual may serve as an exception to the doctrine in *Younger*, this is a very narrow and rare exception. *See Tindall v. Wayne Cnty. Friend of the Court,* 269 F.3d 533, 539-40 (6th Cir. 2001) (noting this exception is extraordinarily rare and the Supreme Court has never authorized federal intervention under it).

Plaintiff spends the majority of his opposition arguing the merits of his claims to establish that the state proceedings must have been brought without expectation of securing a valid conviction, but allegations of retaliation and harassment, even taken as true, do not meet the very narrow and rare exception to application of the *Younger* abstention doctrine. *Murray v. Johnston,* No. 3:17-CV-355-TAV-CCS, 2018 U.S. Dist. LEXIS 129483, at *6-7 (E.D. Tenn. Aug. 2, 2018) ("Plaintiffs' allegations against defendants consist of personal bias and prosecution as retaliation due to prior complaints filed by the plaintiffs against Roane County. However, these allegations, even taken as true, do not justify the exception to *Younger* that the prosecution against plaintiffs Bobby L. Murray and Jacob Murray was brought in bad faith without the expectation of conviction. Although plaintiffs have alleged bias, retaliation, and malicious prosecution, it does not necessarily follow that defendants do not expect a lawful conviction. Because of the policy underlying *Younger* abstention, and the exceptions to abstention being a high bar to pass, the Court does not believe federal intervention in the ongoing state proceeding is warranted.") (citation omitted).

## CONCLUSION

For the foregoing reasons, the Court **Grants** Defendants' motion to stay due to the abstention doctrine announced in *Younger v. Harris,* 401 U.S. 37, 91 S. Ct. 746, 27 L. Ed. 2d 669 (1971).

**IT IS SO ORDERED.**

    /s  Christopher A. Boyko  
**CHRISTOPHER A. BOYKO**  
**United States District Judge**

**Dated: October 29, 2024**

6